**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MARISSA E. HARRIS,

        Plaintiff,

v.

FIRST NATIONAL COLLECTION BUREAU, INC.,

        Defendant.

Case No. 2:21-cv-01987

**COMPLAINT**

**NOW COMES** MARISSA E. HARRIS ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391b(1).

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of New York

5. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce, across state lines into New York for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Defendant's principal place of business located at 50 West Liberty Street, Suite 250, Reno, Nevada 89501.

## FACTS SUPPORTING CAUSE OF ACTION

7. Prior to this action giving rise, Plaintiff incurred a debt with General Electric Capital Corporation for $13,981.04 ("subject debt").

8. Due to financial hardship, Plaintiff was unable to sustain timely payments and defaulted on the subject debt.

9. Sometime thereafter, Defendant acquired the right to collect on the subject debt after Plaintiff's default.

10. After acquiring subject debt, Defendant contacted Plaintiff about the subject debt via written correspondence.

11. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Concord, CA ("mail house").

12. Defendant disclosed to mail house:

    a. Plaintiff's status as a debtor;

    b. the subject debt amount;

   c. the Plaintiff's address; and

   d. other highly personal and confidential pieces of information.

13. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from California to Plaintiff's residence in New York.

14. Moreover, Defendant is also seeking to collect $5,952.66 in interest. Upon information and belief, Defendant does not have a legal right to add interest.

## DAMAGES

15. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

16. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

17. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with the objective being communication with and motivation of the consumer to pay the subject debt.

18. Plaintiff never consented to having her personal and confidential information, concerning the subject debt or otherwise be shared with anyone else.

19. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Emphasis added).

20. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

3

21. Due to Defendant's communication to this mail house, information about Plaintiff, included names, addresses and the amount that was due, all within the possession of an unauthorized third-party.

22. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

23. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

24. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

29. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

30. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

32. Defendant violated 15 U.S.C. §§1692c(b) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

33. Defendant violated §1692c(b) when it disclosed information about Plaintiff's subject debt to the employees of an unauthorized third-party mail house in connection with the collection of the subject debt.

    **b. Violations of FDCPA § 1692f(1)**

34. Defendant violated § 1692f(1) by using unfair and unconscionable means to collect the subject debt from Plaintiff. Specifically, Defendant's letter requests payment of the subject debt with interest accruing of $5,952.66. Upon information and belief, the collection of the interest is not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff MARISSA E. HARRIS respectfully requests that this Honorable Court:

    a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A);

    b. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Reasonable costs & attorneys' fees under to U.S.C. §1692k(a)(3); and

    d. Such other relief that this Court deems just and proper.

**Plaintiff demands trial by jury.**

DATED: October 30, 2021                     Respectfully submitted,

                                              By: */s/ Nicholas M. Wajda*

                                              **WAJDA LAW GROUP, APC**
                                              Nicholas M. Wajda (Nev. Bar No. 11480)
                                              871 Coronado Center Drive
                                              Suite 200

| | |
|---|---|
| 1 | Henderson, Nevada 89052 |
| 2 | +1 702-900-6339 |
| | nick@wajdalawgroup.com |